Slip Op. 07-32

UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————
:
:
FORMER EMPLOYEES OF TESCO                 :
TECHNOLOGIES, LLC,                        :
:
          Plaintiffs,                     :
:
                                          :     Before: Judith M. Barzilay, Judge
     v.                                   :     Court No. 05-00264
:
                                          :
UNITED STATES SECRETARY OF                :
LABOR,                                    :
:
          Defendant.                      :
:
———————————————————————

**<u>JUDGMENT ORDER</u>**

[Department of Labor's *Notice of Revised Determination on Second Remand* sustained.]

Dated: March 7, 2007

(*Gary G. Mosey*), Pro Se, for Plaintiffs Former Employees of Tesco Technologies, LLC.

*Peter D. Keisler*, Assistant Attorney General; *Jeanne E. Davidson*, Director; (*Patricia M. McCarthy*), Assistant Director; (*Dawn S. Conrad*), Commercial Litigation Branch, Civil Division, United States Department of Justice; *Clarette H. Yen*, Office of the Solicitor, United States Department of Labor, of counsel, for Defendant United States Secretary of Labor.

## I. Introduction

Plaintiffs, Former Employees of Tesco Technologies, LLC, brought suit to challenge the United States Secretary of Labor's ("Labor" or "Department") denial of Plaintiffs' certification of eligibility to apply for Trade Adjustment Assistance ("TAA"). *See Tesco Technologies, LLC, Headquarters Office, Auburn Hills, Michigan; Notice of Negative Determination on Remand*, 70 Fed. Reg. 45,438-01 (Dep't Labor Aug. 5, 2005); *Tesco Technologies, LLC, Headquarters Office, Auburn Hills, MI; Notice of Negative Determination on Reconsideration*, 70 Fed. Reg.

3228-01 (Dep't Labor Jan. 21, 2005).  Following this court's remand of the determination results

to Labor in *Former Employees of Tesco Technologies, LLC v. U.S. Secretary of Labor*, 30 CIT

__, 2006 WL 3419786 (Nov. 9, 2006) (not in F. Supp.) ("*FEO Tesco I*"),[1] the Department

"clarified its policy to acknowledge that, under certain circumstances, there may be articles

which are like or directly competitive to a 'unique' article," such as those that Plaintiffs

produced.  *Tesco Technologies, LLC, Headquarters Office, Auburn Hills, MI; Notice of Revised*

*Determination on Second Remand*, 72 Fed. Reg. 5749-01, 5750 (Dep't Labor Feb. 7, 2007)

("*Remand Results*").  The Secretary of Labor then certified Plaintiffs as eligible to apply for TAA

assistance.  *See id.*  We sustain Labor's determination.

## II. Standard of Review

This Court has exclusive jurisdiction over civil actions arising from Labor's

determinations "with respect to the eligibility of workers for adjustment assistance."  28 U.S.C.

§ 1581(d)(1) (2004).  It will uphold Labor's denial of TAA eligibility certification only if the

determination is supported by substantial evidence and otherwise in accordance with law.  *See* 19

U.S.C. § 2395(b) (2004).  As the relevant statutes do not provide guidance as to the standard of

review for Labor's legal determinations, *see Former Employees of Murray Eng'g, Inc. v. Chao*,

28 CIT __, __, 346 F. Supp. 2d 1279, 1282 (2004), this Court, therefore, considers whether

Labor's determination is "in accordance with law," a default standard outlined in the

Administrative Procedure Act.  5 U.S.C. § 706(2)(A) (2004); *see Former Employees of Elec.*

*Data Sys. Corp. v. U.S. Sec'y of Labor*, 28 CIT __, __, 350 F. Supp. 2d 1282, 1286 (2004); *see*

*also Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 496–97 (2004) ("Because the

---

[1]Familiarity with the procedural history of *FEO Tesco I* is presumed.

[relevant] Act itself does not specify a standard of judicial review in this instance, we apply the familiar default standard of the Administrative Procedure Act . . . .") (footnote omitted).  The court also must consider whether Labor's legal conclusions are reached through "a showing of reasoned analysis" by the agency.  *Former Employees of Ericsson, Inc. v. U.S. Sec'y of Labor*, 28 CIT __, __, 2004 WL 2491651, at *2 (2004) (not reported in F. Supp.) (quoting *Former Employees of Rohm & Haas Co. v. Chao*, 27 CIT 116, 122, 246 F. Supp. 2d 1339, 1346 (2003) (quoting *Int'l Union v. Marshall*, 584 F.2d 390, 396 n.26 (D.C. Cir. 1978))) (quotations omitted).  Where Labor's analysis has "a rational basis in law," the court must sustain its interpretation "even though the court might have reached a different interpretation."  *Abbott v. Donovan*, 6 CIT 92, 100, 570 F. Supp. 41, 49 (1983).

### III. Discussion

In the *Remand Results*, Labor determined that "a shift in production abroad of articles like or directly competitive to that [sic] produced at the subject facilities [Tesco Technologies, LLC] followed by increased imports of such articles contributed to the total or partial separation of a significant number or proportion of workers [Plaintiffs] at the subject facility."  *Remand Results*, 72 Fed. Reg. at 5750.  Based on this reasoning, the Department certified Plaintiffs as eligible to apply for TAA benefits.  *Id.*  Plaintiff filed no response.  In light of this case's record, and because Labor's analysis of the facts comports with 19 U.S.C. § 2272(a) (2004),[2] the court finds

---

[2] 19 U.S.C. § 2272 establishes the criteria an agency must consider to determine whether a group of workers qualifies for TAA eligibility certification.

that Labor's determination is supported by substantial evidence and in accordance with law.  The

court therefore holds that the remand results are SUSTAINED.


    March 7, 2007                          /s/ Judith M. Barzilay

Dated:_____             _____

    New York, NY                             Judge